UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN ALEXANDER MALDONADO-ALDANA,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; et al.,<br><br>                    Respondents. | Case No.: 26cv0723-LL-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Darwin Alexander Maldonado-Aldana's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. For the reasons set forth below, the Court **GRANTS** the Petition.

I.   **BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States without inspection as an unaccompanied minor in November 2018. Pet. ¶ 1. He was apprehended by immigration authorities shortly thereafter and in March 2019, was released from the custody of the Office of Refugee Resettlement to his uncle. *Id.* ¶¶ 26, 28. Petitioner was at

liberty for the next six years until he was arrested by immigration authorities on November 7, 2025 in Virginia, and then subsequently transferred to Otay Mesa Detention Center where he remains detained. *Id.* ¶¶ 29–30.

On February 5, 2026, Petitioner filed the instant Petition. Pet. He seeks a writ of habeas corpus directing Respondents to, *inter alia*, release him from custody or alternatively, provide him with a bond hearing. *Id.* at 11.

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.  DISCUSSION

Petitioner contends that he is wrongfully detained under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. Pet. ¶¶ 41–48.

Respondents do not directly address Petitioner's claims, instead acknowledging that (1) the Department of Homeland Security instituted a notice on July 8, 2025 requiring that "anyone arrested in the United States and charged with being inadmissible to be considered an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A), subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and not subject to detention under 8 U.S.C. § 1226(a)"; (2) in the class action *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), the district court declared the DHS notice unlawful under the Administrative Procedures Act; (3) a final judgment was entered in *Maldonado Bautista* on December 18, 2025; and (4) therefore, Petitioner is

detained under 8 U.S.C. § 1226(a) and entitled to an order from this Court directing a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 4; *see also Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025) (entering final judgment for members of the Bond Eligible Class).[1]

Respondents do not address Petitioner's statement that an on January 30, 2026, an immigration judge found that Petitioner had been "detained upon entry" and did not fall within the Bond Eligible Class of *Maldonado Bautista*. Pet. ¶ 38.

The Court finds that Petitioner is wrongfully detained under 8 U.S.C. § 1225(b), whether or not he is a member of the Bond Eligible Class.[2] As a noncitizen who, at the time of his detention, had been at liberty in the United States for more than six years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain aliens *already in the county* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem*, and finds the appropriate remedy is a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at *4–7.

---

[1] Subsequent to entry of judgment, the respondents in *Maldonado Bautista* filed a Notice of Appeal. However, the Ninth Circuit has held the filing of an appeal does not suspend the preclusive effect of a lower court judgment. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (citations omitted).

[2] Because the Petition can be resolved on this ground, the Court declines to address Petitioner's remaining grounds for relief.

## IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order. The Court notes that *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), has been vacated as contrary to law under the Administrative Procedure Act, and cannot be invoked to decline jurisdiction by the immigration judge. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026).

3. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: February 23, 2026

_____
Honorable Linda Lopez
United States District Judge